THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES O'BRIEN, Relator, *v.* HENRY H. PORTER and Others, Constituting the Board of Charities and Correction of the City of New York, Respondents.

90h    401
37 Mis¹132

*Waiver — by a failure to claim a right — statutory privilege must be alleged and proved.*

A party may waive any right which he may have, whether conferred by statute or otherwise, and a failure to call attention to such right at a time when it should be asserted will constitute a waiver.

In proceedings by certiorari to review the action of the board of charities and correction in dismissing the relator from his position as a keeper in the city prison on the ground of neglect of duty, it appeared that the relator was ordered to appear before the commissioners on a certain date, when inquiry was made of him in regard to the charges against him, and after the hearing the commissioners passed a resolution dismissing the relator from the service of the department; that thereupon he instituted proceedings to review the action of such board, contending that the commissioners had not the power to remove him from his position except for cause shown, after a hearing had, and alleging in his petition that he had served as fireman in the volunteer fire department in the city of New York, and, therefore, came within the protection of chapter 577 of the Laws of 1892, which provided that "no person holding a position by appointment in any city or county of this State, or who may hereafter be appointed, receiving a salary from such city and county * * * who shall have served the time required by law in the volunteer fire department of any city, town or village in this State, or who shall have been

a member thereof at the time of the disbandment of said volunteer department, shall be removed from such position except for cause shown after a hearing had." The time of service required by law is five years.

It did not appear that the relator, at the time of the hearing before the commissioners, called their attention to the fact that he was a volunteer fireman, and his petition failed to state that he had served five years in the volunteer fire department, or that he was a member thereof at the time of the disbandment of the department of which he was a member.

*Held,* that the relator, having failed to assert on the hearing before the commissioners his right to the benefit of the statute, must be deemed to have waived any right thereunder;

That even if the question of his right to the protection of the statute could be raised for the first time in proceedings by certiorari to review the action of the commissioners, the relator in his petition had failed to show facts entitling him to the protection of the statute.

CERTIORARI issued out of the Supreme Court and attested on the 11th day of October, 1893, directed to Henry H. Porter, Edward C. Sheehy and Charles F. Simmons, constituting the Board of Charities and Correction of the city of New York, commanding them to certify and return to the office of the clerk of the county of New York all their acts and proceedings in reference to the removal of the relator and the record thereof.

*James W. McLaughlin,* for the relator.

*Terence Farley,* for the respondents.

PARKER, J.:

A prisoner having escaped from the city prison on the night of the 11th of May, 1893, the warden presented to the commissioners of public charities and correction a written communication preferring charges against the relator, a keeper therein, for neglect of duty. Thereupon the relator was ordered to appear before the commissioners on June thirteenth, when inquiry was made of him relating to the manner in which he had discharged his duties as such keeper, and touching the facts surrounding the escape. After the hearing the commissioners passed a resolution dismissing relator, together with others, from the service of the department.

The relator, who alleges that he is a veteran volunteer fireman, contends that under chapter 119 of the Laws of 1888, as amended by chapter 577 of the Laws of 1892, the commissioners had not the

power to remove him from such position, except for cause shown after a hearing had. The respondents in their return take issue with the allegation in the petition, that the relator did not have notice of the charges, and assert that there was a hearing, and they further return that the relator did not assert upon the hearing that he was a veteran volunteer fireman, nor do the records disclose that any such claim was ever made by him.

As a party may waive any right which he may have, whether conferred by statute or otherwise, the relator's failure to call the attention of the commissioners, upon the hearing which took place, to his claim of right to the protection afforded by the statute, constituted a waiver of it. It was his duty to speak and not to keep silent until after the commissioners had taken such action as they were authorized to take as against any person not within the shelter of the statute.

But if the question could be raised for the first time, in a proceeding by certiorari to review the action of the commissioners, the writ should be dismissed because of the insufficiency of the affidavit to bring relator within the terms of the statute. The statute provides :

" No person holding a position by appointment in any city or county of this State or who may hereafter be appointed, receiving a salary from such city and county (unless he has been appointed for a definite term), who is an honorably discharged soldier, sailor or marine,    *    *    *    or who shall have served the time required by law in the volunteer fire department of any city, town or village in this state, or who shall have been a member thereof at the time of the disbandment of said volunteer department, shall be removed from such position except for cause shown after a hearing had."

The time required by law is five years. (Chap. 188, Laws of 1848.) The relator's petition does not show that he served five years in the volunteer fire department or that he was a member thereof at the time of the disbandment of the department of which he was a member. All that it contains on the subject is, that the relator says " I served as a fireman in the Volunteer Fire Department in the city of New York, and received my discharge therefrom on the 2nd day of June, 1862." Whether it was an honorable discharge or not

the petition does not disclose, and it cannot be inferred from the language employed that the relator served the time required by law, or that he continued to be a member until the disbandment of the volunteer department of which he says he was a member. It must be held, therefore, that the relator has failed to show in his petition that he was entitled to the protection of the statute which he invokes in this proceeding. The writ should be dismissed, with costs.

FOLLETT, J., concurred.

VAN BRUNT, P. J.:

I concur in result. I think, the relator was bound to show at the hearing before the commissioners his right to the benefit of the statute.

Writ dismissed, with costs.